ORDERED in the Southern District of Florida on August 15, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Case No.05-20734-BKC-JKO |
| **Robyn Carlo,** | Chapter 7 |
| Debtor. | |
| **Robyn Carlo,** | |
| Plaintiffs, | Adv. Pro. No. 07-01896-JKO |
| vs. | |
| **Orion Omniservices Company,** | |
| Defendant. | |

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

**THIS MATTER** comes before the Court, sua sponte, on Robyn Carlo's (the "Plaintiff") motion for entry of Default Judgment. [DE 24]. As Orion Omniservices Company (the

-1-

"Defendant") has not responded to the complaint and the Plaintiff has effectuated proper service, the motion must be granted.

## I. Background and Posture

This motion for entry of default is before the Court as the most recent incarnation of the Plaintiff's adversarial proceeding against the Defendant. Initially, on December 26, 2007, the Plaintiff filed a complaint to determine the discharability of a debt. In an attempt to effectuate service pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy, Plaintiff filed notification of service of summons (delivered December 31, 2007) and certified that process had been served to the attention of "Orion Omniservices" via US Mail domestic return receipt. [DE 6]. Upon lack of response from the Defendant, the Plaintiff moved the Court, pursuant to Bankruptcy Rule 7055(a), for default. The Court dismissed the motion on the grounds that 7004(b)(3) requires service addressed to the attention of an appropriate officer - not simply the company name. Hereafter, the Plaintiff again served process (delivered March 31, 2008) and filed certificate of service with the court. [DE 17]. If the Court had relied on Plaintiff's certificate of service (for the March delivery) as evidence of compliance with 7004(b)(3) for this second attempt, Plaintiff's motion for entry of default would be dismissed on identical reasoning as expressed above. However, on the instant motion, Plaintiff provides proof that the second attempt at service actually was addressed to the attention of: "Officer, Manager or General Agent authorized to receive process for Orion Omniservices." [DE 24]. Therefore, the Court must reach a decision as to whether Rule 7004(b)(3) requires service addressed to the attention of an individual by name and office title, or simply by office title.

## II. Discussion

Bankruptcy courts are split on the issue. See: *In Re Schoon* 153 B.R. 48 (Bankr. N.D. Cal 1993); *In re Pittman Mechanical Contractors, Inc.* 180 B.R. 453 (Bankr. E.D. Va. 1995); *In re Saucier* 366 B.R. 780 (Bankr. N.D. Ohio 2007); (All three hold that specific individuals need be named). For the opposite conclusion see: *In re C.V.H. Transport Inc.* 254 B.R. 331 (Bankr. M.D. Pa. 2000); *In re Tudor*, 282 B.R. 546 (Bankr. S.D. Ga. 2002); (Both holding that service need not be addressed to a named individual). Having taken inventory of the national case-law and lack of consensus thereunder, the Court finds the reasoning and holdings of *Schoon, Pitmann,* and *Saucier* to be more consistent with the requirements of procedural due process than that of the cases which treat the 7004(b)(3) requirements more liberally. The Court agrees with the *Schoon* reasoning that, "nationwide service of process by first class mail is a rare privilege . . . it is not to be abused or taken lightly." As basis, the Court takes note that Rule 7004(b)(3) was drafted by Congress in distinction to the Federal Rules of Civil Procedure. Rule 4, Fed. R. Civ. Pro. provides that a plaintiff must provide personal service if a defendant does not acknowledge receipt of summons. Federal Bankruptcy Rule 7004(b)(3)'s conspicuous lack of this requirement emphasizes that Congress recognized the need to ensure a simple and expeditious method of serving notice in bankruptcy cases. "Bankruptcy proceedings regularly involve unusual time constraints and distant parties." *In re Pittman Mechanical Contractors Inc.* 180 B.R. 453 at 455 (Bankr. E.D. Va 1995). However, the notice requirements of due process should continue to counter-balance a bankruptcy proceeding's expeditiousness - especially when default relief is being sought. Therefore, the Court holds that limiting the service requirements to first class mail underscores the importance that the defendant receives service by this method; and, that a plaintiff must make reasonable effort to ensure a defendant's receipt. Effort to determine the proper name of a corporate officer or manager is not altogether onerous with the aid of the personal computer and the world wide web; not to mention the

availability of the name of a registered agent and principal officers filed with the incorporating state's Secretary of State or similar officer.

All this said, the instant case provides what seems like a reasonable exception to a conservative holding on the 7004(b)(3) requirements. The Court finds that 7004(b)(3) requires a plaintiff adhere to a standard of reasonable and appropriate diligence in ascertaining the individual names of the corporate officer, manager or general agent. In this case, the Plaintiff served process on an address furnished in correspondence by the defendant only three months before the initiation of the adversarial proceeding. [DE 1, pg. 15]. The telephone number provided by the defendant in that notice is disconnected and the defendant corporation does not appear in Indiana, Delaware or Florida state records. Therefore, on these facts, due process requires no further effort, accuracy or exigency than an address line tracking the wording of 7004(b)(3).

### III. Conclusion

The court therefore concludes, on the narrow facts of this case, that Final Judgment for Default may be entered in the Plaintiff's favor.

Accordingly, it is **ORDERED** that the Plaintiff's motion is **GRANTED**.

###

Copies furnished to:

Attorney Luzim is directed to serve a conformed copy of this order on all interested parties.